Lynch, J.
(dissenting). We respectfully dissent. The disputed issue is whether the People proved by clear and convincing evidence that defendant should be assessed 10 points for his failure to accept responsibility for his conduct under risk factor 12 of the risk assessment instrument, as County Court concluded (see Correction Law § 168-n [3]; People v Dubuque, 35 AD3d 1011, 1011 [2006]). In our view, the documented proof that defendant exhibited, in the “extreme,” a “complete lack of acceptance] of responsibility for his sexual misconduct” and that “[h]is cognitive distortions about the offenses and rationalizations are entrenched and intractable” (emphases added), resulting in his failure to successfully complete and be discharged from sex offender treatment while incarcerated, satisfied the People’s burden (see People v Weihrich, 111 AD3d 1032, 1033 *1104 [2013], lv denied 23 NY3d 905 [June 10, 2014]). The fact that he later completed sex offender treatment, which was a condition of his release, does not necessarily mean that he accepted responsibility for his actions (see People v Rogowski, 96 AD3d 1113, 1114 [2012]; People v Legall, 63 AD3d 1305, 1306 [2009], lv denied 13 NY3d 706 [2009]). Indeed, while the Board of Examiners of Sex Offenders did not assess points under this factor, it “question[ed] the effectiveness of [defendant’s] treatment . . . given how deeply ingrained his cognitive distortions were about his sex offending . . . and his own disturbing statements rationalizing his sexual contact with his [victims].”
While County Court must consider the most recent evidence regarding acceptance of responsibility — indeed, by statute, “the court shall review . . . any relevant materials and evidence submitted by the sex offender and the district attorney” (Correction Law § 168-n [3] [emphasis added]; see People v Mingo, 12 NY3d 563, 571 [2009]) — the court is not required to credit it, to accept it at face value or to give it more weight than other evidence in the record. Tellingly absent from the unsworn, single-page letter of defendant’s treating psychologist is any reference to defendant’s acceptance of responsibility. Considering the history of defendant’s failed treatment, this omission calls into question the reliability of the report. County Court clearly recognized as much, pointing out that “[t]here is nothing further in the record to indicate that the defendant has accepted responsibility for what he did,” and that completion of treatment “does not support a contrary conclusion.”
Accordingly, we would affirm County Court’s classification of defendant as a risk level III sex offender and sexually violent offender.
Stein, J.E, concurs.
Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court’s decision.